UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE WILLIAMS                                                         CIVIL ACTION

VERSUS                                                                           NO. 23-119-BAJ-RLB

TOWN OF CLINTON, ET AL.

**ORDER**

Before the Court is Defendant Officer Charles Brown's Motion to Stay Discovery. (R. Doc. 15). The deadline to file an opposition has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

Maurice Williams ("Plaintiff") commenced this civil rights action seeking recovery under 42 U.S.C. § 1983 and state law, naming as defendants Officer Charles Brown and the Town of Clinton. (R. Doc. 1). Plaintiff alleges that he was arrested by Officer Brown for failure to appear in court and for allowing his dog to roam free. (R. Doc. 1 at 2). Plaintiff alleges that during the arrest Officer Brown "needlessly pepper sprayed" and "beat" him. (R. Doc. 1 at 3). Plaintiff brings claims for false arrest, unreasonable seizure, and excessive force under federal law, and claims for battery, defamation, and malicious prosecution under Louisiana law. (R. Doc. 1 at 3-6).

Both the Town of Clinton and Officer Brown have filed motions to dismiss asserting that Officer Brown is entitled to qualified immunity with respect to the Section 1983 claim. (R. Docs. 10, 14). Plaintiff has opposed these motions. (R. Docs. 20, 21). These motions remain pending before the district judge.

On May 5, 2023, Officer Brown filed this Motion to Stay Discovery in light of the foregoing qualified immunity defense. (R. Doc. 15). Plaintiff did not oppose this motion. LR 7(f).

The Court cancelled a scheduling conference set for May 25, 2023 in light of the pending Motion to Stay Discovery. (R. Doc. 19).

## II.   Law and Analysis

### A.   Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir. 1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their

conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that

plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See*, *e.g.*, *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022).

**B.    Analysis**

Having reviewed the record and the applicable law, the Court finds it appropriate to stay all discovery until resolution of the pending Motions to Dismiss.

The *Carswell* decision forecloses any discovery involving Officer Brown while his qualified immunity defense remains pending. The Court must stay all discovery with respect to this defendant, who has raised the defense of qualified immunity, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to Officer Brown. *Carswell*, 54 F.4th at 313-314. Furthermore, the Court finds no plausible manner in which discovery could proceed against the remaining defendant, the Town of Clinton, without implicating, and unduly burdening, Officer Brown.

Given the allegations in this action, as well as the Fifth Circuit's directives in *Carswell*, the Court finds it appropriate to stay all discovery in this action until resolution of the pending Motion to Dismiss. Even if such discovery is not completely foreclosed by *Carswell*, the Court finds good cause pursuant to Rule 26(c) to stay all discovery given the undue burden that such discovery would impose on Officer Brown while his qualified immunity defenses are pending.

### III.　Conclusion

**IT IS ORDERED** that Defendant Officer Brown's Motion to Stay Discovery (R. Doc. 15) is **GRANTED**, and discovery is **STAYED** until further order of the Court. The parties shall contact the undersigned after the resolution of the Motions to Dismiss (R. Docs. 10, 14) for the issuance of a new scheduling conference order.

Signed in Baton Rouge, Louisiana, on June 1, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE