UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURICE WILLIAMS | CIVIL ACTION |
| VERSUS | |
| TOWN OF CLINTON, ET AL. | NO. 23-00119-BAJ-RLB |

RULING AND ORDER

Plaintiff Maurice Williams pursues constitutional claims of excessive force and false arrest—and related state law claims—against The Town Of Clinton, Louisiana, and one of the Town's Police Officers, Charles Brown, arising from his arrest on March 2, 2022. Now, the Town and Officer Brown each move to dismiss Plaintiff's action. Defendants' motions will be granted in part.

I. ALLEGED FACTS

For present purposes, the following allegations are accepted as true[1]:

Plaintiff is 70 years old. (Doc. 1 ¶ 6). He is a dog owner, a professional chef, and "a pillar of the Clinton community." (*Id.* ¶ 9).

On December 7, 2021, the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana ("Twentieth JDC") issued a bench warrant for Plaintiff's

---

[1] At this stage, the Court accepts Defendants' invitation to consider the December 7, 2021 bench warrant for Plaintiff's arrest, issued by the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana. (Doc. 10-3, Doc. 14-3). Though not referenced in Plaintiff's Complaint, this document is a public judicial record subject to judicial notice *without* converting Defendants' Rule 12 motions to motions for summary judgment. *E.g.*, *Buchicchio v. LeBlanc*, 656 F. Supp. 3d 643, 650 (M.D. La. 2023) (taking judicial notice of certain state court records when considering defendants' Rule 12 motions, pursuant to Fed. R. Evid. 201).

arrest, citing Plaintiff's failure to appear at his arraignment for the misdemeanor offense of allowing his dog to roam free, in violation of La. R.S. § 3:2771. (Doc. 10-3, Doc. 14-3).

On March 2, 2022, Plaintiff was at his home when, at an unspecified time, Officer Brown arrived to execute the December 7 bench warrant, telling Plaintiff that he was being arrested "for failure to appear in Court and allowing his dog to roam free." (*Id.* ¶¶ 4-5). Plaintiff did not resist, or otherwise pose any threat, and was even wearing "a cast on his wrist" during the encounter. (*Id.* ¶¶ 6, 14). Still, when arresting Plaintiff, Officer Brown "needlessly pepper sprayed [him], beat [him], and caused serious bodily harm to [his] neck." (*Id.*).

At some point after his arrest, Officer Brown allegedly falsified a police report to state that he "handcuffed [Plaintiff] and checked the tightness of the handcuffs. This was impossible as [Plaintiff] had a cast on his wrist at the time of the attack[.]" (*Id.* ¶ 14). Ultimately, "all charges [against Plaintiff] were dismissed by the District Court judge" for lack of probable cause. (*Id.* ¶ 7).

In addition to his neck injuries—which required surgery in March 2023—Plaintiff suffered reputational damage and mental anguish as a result of his March 2 encounter with Officer Brown. (*Id.* ¶¶ 8-9).

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on February 17, 2023. (Doc. 1). Against Officer Brown, Plaintiff pursues individual capacity constitutional claims of excessive force and false arrest, and state law claims of battery, defamation, and malicious prosecution. (Doc. 1 ¶¶ 3, 10-14). Against the Town, Plaintiff pursues *only* vicarious

(employer) liability claims for Officer Brown's "state law delicts." (*Id.* ¶¶ 3, 18).

Now, Officer Brown and the Town each move to dismiss Plaintiff's action. (Doc. 10, Doc. 14). Officer Brown argues that qualified immunity shields him against Plaintiff's constitutional claims, that any claim for punitive damages fails because Plaintiff has not shown that his "actions were due to reckless or intentional disregard for his constitutional rights," and that Plaintiff's state law claims fail because Plaintiff has not alleged facts establishing multiple essential elements. (*See* Doc. 14-1). The Town largely parrots Officer Brown's arguments, adding that it is entitled to a "conditional privilege" against Plaintiff's defamation claim.[2] (*See* Doc. 10-1). Plaintiff opposes Defendants' Motions. (Doc. 20, Doc. 21).

## III.   LAW AND ANALYSIS

### A. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Bizarrely, the Town dedicates the majority of its argument to seeking dismissal of Plaintiff's federal constitutional claims, even invoking qualified immunity on Officer Brown's behalf. (Doc. 10-1 at 2-6). But again, Plaintiff pursues *only* state law employer liability claims against the Town. (Doc. ¶¶ 3, 18). As such, the Court does not consider the Town's additional arguments for dismissal of non-existent federal claims.

3

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (*citing Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal citations omitted).

### B. Discussion

The Court addresses Defendants' arguments in the order they are presented.

#### i. Constitutional Claims

Officer Brown invokes qualified immunity. The qualified immunity doctrine turns the traditional Rule 12 analysis on its head, requiring Plaintiff—the *non-moving* party—to establish "the inapplicability of the defense." *Babinski v. Sosnowsky*, 79 F.4th 515, 520 (5th Cir. 2023) (quotation marks omitted). To meet his burden, Plaintiff must "allege both (1) the violation of a federal constitutional or statutory right; and (2) that the right was clearly established at the time." *Id*. (quotation marks omitted). The Court may address either prong of the analysis first, *id*., and Plaintiff's failure to carry his burden at one prong is fatal, *e.g.*, *id*. at 522.

##### a. False Arrest

The Fourth Amendment prohibits "false" arrests. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009). Whether an arrest is "false"—*i.e.*,

4

unconstitutional—depends on whether it was supported by probable cause. Put differently, "[t]he 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment … require a showing of *no* probable cause." *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (citing authorities).

Here, Plaintiff's arrest arose from a bench warrant issued by the Twentieth JDC due to Plaintiff's failure to appear at his arraignment date. The Complaint sets forth *no* allegations undermining the bench warrant's validity. As such, the warrant establishes probable cause for Plaintiff's arrest, and Plaintiff fails to state a valid Fourth Amendment "false" arrest claim. *E.g.*, *Nalls v. LaSalle*, 568 F. App'x 303, 307 (5th Cir. 2014) (affirming dismissal of plaintiff's Fourth Amendment "illegal seizure" claim where plaintiff's failure to appear in court provided probable cause to support a bench warrant); *accord Peairs v. Jackson Cnty., Miss.*, No. 13-402, 2015 WL 5666906, at *18 (S.D. Miss. Sept. 25, 2015) (Ozerden, J.) ("Because the record supports the conclusion that Thornton held an objectively reasonable belief that probable cause existed to arrest Plaintiff based upon the bench warrant, Thornton is entitled to qualified immunity as to Plaintiff's § 1983 claims for unlawful seizure, false arrest, and false imprisonment arising out of his June 1, 2011, arrest"). This claim will be dismissed at the first stage of the qualified immunity analysis, subject to Plaintiff's right to amend.[3]

---

[3] Plaintiff argues that the December 7 bench warrant was invalid—and did *not* establish probable cause for his arrest—because he only failed to appear at his arraignment due to a citation that incorrectly directed him to "Mayor's Court," not the Twentieth JDC. Plaintiff further contends that Officer Brown *knew* the December 7 bench warrant was invalid, because Officer Brown himself issued the citation directing Plaintiff to the wrong court. (*See*

5

**b. Excessive Force**

"An excessive force claim is separate and distinct from a claim for unlawful arrest and must therefore be analyzed without regard to whether the arrest was justified, although the evidence may overlap." *Massey v. Wharton*, 477 F. App'x 256, 262 (5th Cir. 2012) (quotation marks omitted; citing authorities). In other words, even if Plaintiff's false arrest claim fails on the present showing, the same is not necessarily true of his Fourth Amendment excessive force claim, *id.*, provided that Officer Brown's force was excessive or unreasonable in the context of Plaintiff's arrest. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

To establish an excessive force violation, "a plaintiff must demonstrate (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 480 (5th Cir. 2021) (quotation marks omitted), *cert. denied*, 142 S. Ct. 564 (2021).

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the

---

Doc. 21 at 5-6). The problem for present purposes is that this argument relies on multiple "facts" that do not appear in Plaintiff's Complaint; instead, these "facts" are set forth for the first time in Plaintiff's opposition memorandum, based on selective citations to transcripts and other documents produced in Plaintiff's underlying state court proceedings. (*See* Doc. 21-1). But unlike the December 7 bench warrant—the fact of which speaks for itself—Plaintiff's additional "facts" require an interpretive gloss that is inconsistent with the rules governing judicial notice. *See* Fed. R. Evid. 201. As such, the Court does *not* take judicial notice of Plaintiff's additional "facts," determining instead that the better course is to allow Plaintiff to amend his complaint to supplement his allegations in support of his false arrest claim. *E.g.*, *Stubblefield v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, No. 20-cv-00748, 2022 WL 554649, at *2 n.2 (M.D. La. Feb. 23, 2022) (Jackson, J.) (declining to consider exhibits appended to Plaintiff's opposition memorandum because they were not referenced in the plaintiff's Amended Complaint and were not public records subject to judicial notice).

6

safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Craig v. Martin*, 49 F.4th 404, 410 (5th Cir. 2022) (cleaned up).

Here, curiously, Officer Brown expressly acknowledges Plaintiff's allegations that he "beat" and "pepper-sprayed" him despite Plaintiff offering no resistance to his arrest, and posing no threat. (Doc. 14-1 at 9). Still, Officer Brown contends that Plaintiff's allegations of a "beating" are too conclusory to support an actionable excessive force claim, and that Plaintiff's allegations of being maced establish, at best, a constitutionally insignificant (*de minimus*) injury. (*Id.* at 9-10).

The Court cannot agree. At the time of Plaintiff's arrest, the law was clearly established that "although the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it, the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (quotation marks and footnotes omitted). Here, under Plaintiff's version of the events, he was arrested for failing to respond to a summons for a minor dog-walking offense, posed no threat, and was not resisting arrest or attempting to flee when Officer Brown "beat" and "pepper-sprayed" him, causing "serious" neck injuries that ultimately required surgery. Under these circumstances (as alleged), no reasonable officer would believe that physical battery and the application of pepper spray were

7

necessary to effect the arrest of a non-resisting septuagenarian with evident physical limitations (a broken wrist).

And merely because Plaintiff has failed to expressly allege a discrete injury resulting from Officer Brown's alleged use of pepper spray does not remove this aspect of Plaintiff's claim from the analysis. To the contrary, the law is also clear that "[i]njury and force … are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Taken as a whole, Plaintiff's allegations of an unprovoked beating (causing "serious" injuries to Plaintiff's neck), *accompanied by* pepper spray, are sufficient to overcome Officer Brown's qualified immunity defense. *E.g.*, *Bush*, 513 F.3d at 501–02 (finding it objectively unreasonable to employ force after plaintiff was "restrained and subdued"); *Gauglitz v. City of Dallas*, No. 95-cv-3123, 1997 WL 786246, at *6 (N.D. Tex. Dec. 15, 1997) (Fish, J.) (rejecting defendant officers' qualified immunity defense to non-resisting arrestee's excessive force claim: "the repeated use of pepper spray against a bound, prone, and compliant citizen could easily be considered excessive").

### c. Punitive Damages

A claim for punitive damages under 42 U.S.C. § 1983 requires a showing that the defendant's conduct is the result of "evil motive or intent, or … involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Officer Brown argues that Plaintiff has not alleged sufficient facts to establish that his actions resulted from reckless or intentional disregard for his constitutional rights. (Doc. 14-1 at 12). Plaintiff offers no response.

A party waives an issue by failing to brief it. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). Moreover, the Local Civil Rules require that parties support their arguments with "a concise statement of reasons ... and citations of authorities," M.D. La. LR 7(d), and this Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf. *See Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 650 F. Supp. 3d 452, 477 n.13 (M.D. La. 2023) (Jackson, J.) (citing authorities). Pursuant to the Court's Local Rules, and consistent with the general rule that a party's failure to brief an issue acts as a waiver, Plaintiff's claim for punitive damages will also be dismissed. *E.g., Clark v. LeBlanc*, No. 19-cv-00512, 2023 WL 2655725, at *7 n.4 (M.D. La. Mar. 27, 2023) (Jackson, J.) (ruling that plaintiff abandoned claims not addressed in opposition to defendants' motion for summary judgment).

### ii. State law claims

#### a. Battery

"Under Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of employment, require a showing that the law enforcement officer acted with unreasonable or excessive force." *Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) (Dick, J.). To the point, "Louisiana's excessive force tort mirrors its federal constitutional counterpart." *Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009). The same allegations establishing a viable constitutional claim of excessive force against Officer Brown— detailed above—also establish a viable claim for state law battery. *E.g., id.*

### b. Defamation

"Under Louisiana law a plaintiff must show four elements to prove defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged communication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Bellard v. Gautreaux*, 675 F.3d 454, 464 (5th Cir. 2012) (citing *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004)). "If even one of the required elements of the tort is lacking, the cause of action fails." *Costello*, 864 So. 2d at 140.

Officer Brown challenges the first element of Plaintiff's defamation claim, contending that "Plaintiff does not identify a statement which he alleges to be false and defamatory." (Doc. 14-1 at 13). The Court agrees. Plaintiff's Complaint describes only *one* alleged "statement" with any particularity—specifically, that upon arriving at Plaintiff's house on March 2, Officer Brown "told plaintiff he was arresting [him] for failure to appear in Court and allowing his dog to roam free." (Doc. 1 ¶ 5). Plainly, however, this statement was not false in light of the bench warrant for Plaintiff's arrest. Nor, for that matter, was it published to a *third* party. Plaintiff's defamation claim fails.

Plaintiff responds that his defamation claim passes muster because, under Louisiana law, "false accusation of a crime" is "[d]efamation *per se*." (Doc. 21 at 7). Certainly, the caselaw supports this view. *See Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So. 2d 196, 198 (La. 1980) ("[W]ords which impute a crime to another are defamatory *per se*[.]"). The problem for present purposes, however, is that the Complaint does *not* set forth any specific instances when Officer Brown falsely

10

accused Plaintiff of a crime. Instead, again, Plaintiff bases his argument on allegations appearing for the first time in his opposition memorandum. *See supra* n.3. This is not how it works. *E.g., Stubblefield*, 2022 WL 554649, at *2 n.2 ("[T]he Court does not consider the exhibits appended to Plaintiff's [Rule 12] opposition memorandum because they are not referenced in Plaintiff's Amended Complaint, and are not public records subject to judicial notice. Rather, as it must, the Court limits its review to Plaintiff's *allegations* set forth in the [Amended Complaint]." (citation omitted)); *accord Verdiner v. Washington Metro. Area Transit Auth.*, No. 15-cv-2612, 2016 WL 2736185, at *1 n.3 (D. Md. May 11, 2016) (Chasanow, J.) ("Plaintiff may not amend the pleading by attaching documents to her opposition brief, and the court will not consider the exhibits at this stage."). Plaintiff's defamation claim will be dismissed, subject to Plaintiff's right to amend.[4]

### c. Malicious Prosecution

Under Louisiana law, a claim of malicious prosecution requires Plaintiff to establish six elements:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

---

[4] Having determined that Plaintiff's defamation claim fails because Plaintiff has not sufficiently alleged any defamatory statement made by Officer Brown, the Court does not consider the Town's alternative argument that it is entitled to "a privilege against defamation actions." (*See* Doc. 10-1 at 6-8).

11

*Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 367. "Although the plaintiff ordinarily bears the burden of proof on all the elements of a malicious prosecution claim, there is a presumption of malice and a lack of probable cause in cases where the prosecuting officer has dismissed the charges. In those cases, the burden shifts to the defendant to show that she acted on probable cause and without malice." *Mills v. City of Bogalusa*, No. 13-cv-5477, 2016 WL 2992502, at *11 (E.D. La. May 24, 2016) (Brown, J.).

Officer Brown challenges the fourth and fifth elements of Plaintiff's claim, arguing that the bench warrant established probable cause for Plaintiff's arrest, that "[n]othing in Plaintiff's Complaint indicates that the bench warrant was facially invalid," and that Plaintiff's allegations fall short of establishing that Officer Brown acted maliciously. (Doc. 14-1 at 15). The Court agrees on the present showing. For essentially the same reasons requiring dismissal of Plaintiff's false arrest claim—*i.e.*, the bench warrant established probable cause for Plaintiff's arrest absent any allegations undermining its validity—the Court will dismiss Plaintiff's malicious prosecution claim, subject to Plaintiff's right to amend. *See supra* n.3.

### d. Employer liability

Under Louisiana law, an employer is vicariously liable for the intentional acts of its employees. La. C.C. art. 2320. Having stated an actionable claim for battery against Officer Brown, Plaintiff's vicarious liability claim against the Town arising from Officer Brown's alleged battery may also proceed. *See Mitchell v. Louisiana*, No. 20-cv-00470, 2021 WL 1972274, at *3 (M.D. La. May 17, 2021) (Jackson, J.). In turn, having now dismissed Plaintiff's claims of defamation and malicious prosecution,

12

Plaintiff's vicarious liability claims relating to these underlying torts will also be dismissed.

### C. Amendment

When a complaint fails to state a claim, the plaintiff generally should be allowed an opportunity to amend before dismissing with prejudice, unless it is clear that amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, as set forth above, Plaintiff has appended additional documents to his opposition papers, suggesting that he may yet supplement his allegations to state actionable claims of false arrest, defamation, and malicious prosecution. It follows that any supplemental allegations may also support an award of punitive damages. Accordingly, Plaintiff will be allowed to submit an amended complaint curing the deficiencies set forth herein, within 21 days of the date of this Order.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Officer Brown's **Rule 12(b)(6) Motion To Dismiss (Doc. 14)** be and is hereby **GRANTED IN PART**, consistent with the relief set forth herein. Officer Brown's Motion is **DENIED** as to Plaintiff's claims of excessive force and battery.

**IT IS FURTHER ORDERED** that the Town of Clinton's **Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. 10)** be and is hereby **GRANTED IN PART**, consistent with the relief set forth herein. The Town's Motion is **DENIED** as to Plaintiff's claim of vicarious liability for Officer Brown's alleged battery.

**IT IS FURTHER ORDERED** that Plaintiff's claims of false arrest, defamation, and malicious prosecution, and Plaintiff's claim for punitive damages, be and are hereby **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff's right to file an amended complaint curing the deficiencies outlined herein within 21 days of the date of this Order.

Plaintiff's failure to timely file an amended complaint will be construed as a waiver, and will result in dismissal *with* prejudice of Plaintiff's claims of false arrest, defamation, and malicious prosecution (and related vicarious liability claims against the Town), and Plaintiff's claim for punitive damages.

Baton Rouge, Louisiana, this 5th day of January, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**